IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 6 2007

GREGO... ...HAM
CLERK

Civil Action No. 07-cv-01249-BNB

RAYMOND A. BUTLER, JR.,

    Plaintiff,

v.

WARDEN H. A. RIOS, JR., and
CORRECTIONAL OFFICER PRICE,

    Defendants.

___

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

___

Plaintiff, Raymond A. Butler, Jr., is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. He has filed *pro se* a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993), for money damages. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the complaint liberally because Mr. Butler is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Butler will be ordered to file an amended complaint.

The Court has reviewed Mr. Butler's complaint and finds that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the

Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Butler "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, — F.3d —, 2007 WL 1895877 at *3 (10th Cir. July 3, 2007).

Mr. Butler's complaint is prolix. The complaint fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

2

Mr. Butler appears to assert only one claim of excessive force against Defendant Correctional Officer Price.  However, rather than summarizing his claim clearly and succinctly, Mr. Butler apparently believes that restating his claim three ways as three separate claims somehow works to his advantage in communicating the injury he believes he has suffered.  It does not.  It is Mr. Butler's responsibility to edit and organize his claim or claims and supporting allegations into a manageable format.  Neither Defendants nor the Court is required to do this work for him.  Mr. Butler must assert, simply and concisely, his specific claim or claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

Mr. Butler also must assert each Defendant's personal participation in the alleged constitutional violations.  Personal participation is an essential allegation in a civil rights action.  **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Butler must show that each Defendant caused the deprivation of a federal right.  **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).  A Defendant, such as Warden H. A. Rios, Jr., may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Butler should be given an opportunity to file an amended complaint. He will be directed to do so below.

Finally, Mr. Butler is advised that he must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Butler should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Butler file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Butler, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Butler submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Butler fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED July 16, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01249-BNB

Raymond A. Butler, Jr.
Reg. No. 17148-047
USP - Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 7/16/07

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk