IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01249-REB-CBS

RAYMOND A. BUTLER, JR.
    Plaintiff,
v.

WARDEN H.A. RIOS, JR., and
CORRECTIONAL OFFICER PRICE,
    Defendants.

_____

RECOMMENDATION FOR DISMISSAL
_____

Magistrate Judge Craig B. Shaffer

    Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915.  (*See* Order dated June 14, 2007 (doc. # 2)).  Section 1915(b)(2) requires an indigent inmate plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full.  Plaintiff has been instructed to make such payments.  (*See* doc. # 2).

I.    Background

    On September 26, 2007 (doc. # 16), Plaintiff was ordered either to make the required monthly payments or to show cause why he had no assets and no means by which to make the monthly payments from August 2007 to the present.  Plaintiff was warned that a failure to comply with that Order would result in the dismissal of his complaint and the action.  Notwithstanding that Order and warning, Plaintiff has not made any payments, nor has he submitted any inmate account statements showing that

he had no assets and no means by which to make a monthly payment. Plaintiff therefore has not complied with the court's June 14, 2007 or September 26, 2007 Orders.

II.     Discussion

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the court enumerated the factors to be considered when evaluating grounds for dismissal of an action. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 920; *see also Gates Rubber Co. v. Bando Chemicals, et al*, 167 F.R.D. 90, 101 (D. Colo. 1996) (M.J. Schlatter) (citing *Ehrenhaus*). The court now turns to the *Ehrenhaus* factors.

   1.    Prejudice to the Defendant

From a review of the case file, the court finds that Plaintiff's failure to provide either a monthly payment or to demonstrate his inability to pay by presenting a verified copy of his inmate account, has not delayed the progression of his case toward resolution, nor have Defendants been prejudiced or adversely impacted.

   2.    Interference With the Judicial Process

Here, the court considers Plaintiff's failure to comply with the court's June 14,

2007 and September 26, 2007 Orders. The court recommends finding that Plaintiff's persistent failure to follow the court's Orders with respect to his obligation to pay the filing fee, and the court's continual review of his file and issuance of orders regarding the filing fee increase the workload of the court and therefore interfere with the administration of justice.

    3.    Culpability of Plaintiff

Plaintiff was given an express Order to make payments towards the filing fee or to show cause why he could not. Plaintiff was ordered thereafter to show cause why his case should not be dismissed for the failure to make payments. Plaintiff failed to respond to that Order. The record demonstrates that Plaintiff is culpable for his willful failure to follow the court's Orders.

    4.    Advance Notice of Sanction of Dismissal for Noncompliance

Plaintiff has previously been warned that he risked dismissal of his case if he continued to fail to comply with the court's Orders. (*See* June 14, 2007 and September 26, 2007 Orders (docs. # 2 and # 16). Upon weighing the *Ehrenhaus* factors, the court finds that Plaintiff has impeded the orderly administration of justice in general because the court is required to evaluate Plaintiff's ability to pay each month. Plaintiff has disregarded and failed to respond to the court's Orders and has been warned that his case would be dismissed if he continued to ignore court orders.

    5.    Efficacy of Lesser Sanctions

It would be pointless to impose lesser sanctions on Plaintiff, who has failed to comply with the court's previous Orders. Four out of five *Ehrenhaus* factors thus weigh in favor of dismissal as an appropriate sanction.

III.   Conclusion

For the reasons stated, it is **RECOMMENDED** that this civil action be **dismissed with prejudice** for failure to comply with the court's June 14, 2007 and September 26, 2007 Orders.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and

recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 30th day of October, 2007.

BY THE COURT:

\_\_s/Craig B. Shaffer_____
United States Magistrate Judge