IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-01249-REB-CBS

RAYMOND A. BUTLER, JR.,

    Plaintiff,

v.

WARDEN H.A. RIOS, JR., and
CORRECTIONAL OFFICER PRICE,

    Defendants.

# ORDER OVERRULING OBJECTION TO AND
# ADOPTING RECOMMENDATION OF THE
# UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the magistrate judge's **Recommendation for Dismissal** [#19], filed October 30, 2007; and (2) plaintiff's **Objection to Dismissal Recommendation** [#23], filed November 7, 2007. I overrule the objection, adopt the recommendation, and dismiss this case with prejudice for failure to comply with the court's duly issued orders.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw. In addition, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff was granted leave to proceed *in forma pauperis* on June 14, 2007. He was at that time ordered to pay a partial filing fee of $11.00 within 30 days or show cause why he was without the means to do so, and thereafter to make monthly payments of 20% of the preceding month's income credited to his trust fund account or show cause why he was without the means to do so. (**See Order Directing Clerk To Commence Civil Action and Granting Plaintiff Leave To Proceed Pursuant to 28 U.S.C. § 1915** at 2 [#2], filed June 14, 2007.) Plaintiff was cautioned "that if within the time allowed the plaintiff fails to have the designated initial partial filing fee or monthly payments sent tot he clerk of the court or to show cause as directed above whey he has no assets and no means by which to pay the designated initial partial filing fee or make the monthly payments, the Prisoner Complaint will be dismissed without prejudice without further notice." (*Id.* at 3.)

Plaintiff made the initial $11.00 payment on July 6, 2007, but made no further monthly payments thereafter. Moreover, the docket reflects that plaintiff never filed a certified copy of his inmate trust account statement as required by the court's June 14, 2007, order. Therefore, the magistrate judge issued a second order directing plaintiff to make the required payments or filed a certified copy of his inmate trust fund account statement by the 15th day of each month. Plaintiff was warned pointedly that failure to comply with the court's order could result in the dismissal of this action without further notice. Nevertheless, plaintiff failed to respond in any way to the court's September 26 order, prompting the magistrate judge's recommendation for dismissal.

2

By his objection, plaintiff insists that he did not intentionally disregard the magistrate judge's orders, but merely relied on the representations of the unidentified "outside party" who made the initial $11.00 payment on his behalf that this person would pay the remainder of the full filing fee the following week. This does not explain or excuse plaintiff's failure to respond in any way to the court's September 26 order, which clearly put him on notice that his assumptions regarding payment of the filing fee were incorrect. In a separate letter to the magistrate judge, plaintiff explains that he thought the "business office" had received a copy of the September 26 order, although it is unclear why he believed an order directing him to make the payments should have prompted anyone else to act in accordance therewith.[1]

Nevertheless, plaintiff asks that I overlook his past derelictions and allow him to make retroactive payments of the amounts currently owing for August and September. I might be inclined to agree to such a request, if plaintiff had actually followed through on it. However, as of the date of this order, the clerk of the court has not received any further payments from plaintiff, despite his representation that he would be sending a $45.00 back payment on November 10, 2007.

The recommendation's discussion of the *Ehrenhaus* factors[2] is detailed and

---

[1] Plaintiff represents also that lack of adequate access to a law library has hindered his efforts to increase his understanding of the law. Given that the magistrate judge's orders pellucidly informed plaintiff of what he needed to do in order to move this case forward and that the matters asked of him were logistical rather than legalistic, this argument rings hollow.

[2] By analyzing plaintiff's case pursuant to *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992), the magistrate judge appropriately determined that this case should be dismissed with prejudice. *See Cosby v. Meadors*, 351 F.3d 1324, 1333-34 (10th Cir. 2003), *cert. denied*, 124 S.Ct. 2109 (2004); *Martin v. Sherrod*, 2007 WL 1832036 at * 10 (D. Colo. June 25, 2007).

well-reasoned. For the reasons set forth above, plaintiff's objection is imponderous and without merit. Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the magistrate judge's **Recommendation for Dismissal** [#19], filed October 30, 2007, is **APPROVED AND ADOPTED** as an order of this court;

2. That plaintiff's **Objection to Dismissal Recommendation** [#23], filed November 7, 2007, is **OVERRULED**;

3. That all claims and causes of action asserted by plaintiff against defendants in this lawsuit are **DISMISSED WITH PREJUDICE**;

4. That judgment **SHALL ENTER** under Fed.R.Civ.P. 58 in favor of defendants, Warden H.A. Rios, Jr., and Correctional Officer Price, and against plaintiff, Raymond A. Butler, Jr., as to all claims and causes of action asserted in this lawsuit; and

5. That defendants are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated November 27, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**